IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FAITH E. WILLIAMS,
   *Plaintiff*,

v().

WELLS FARGO HOME MORTGAGE,
   *Defendant*.

Civil Action No. ELH-18-900

## MEMORANDUM

Self-represented plaintiff Faith Williams filed suit against Wells Fargo Home Mortgage ("Wells Fargo"), alleging that "Wells Fargo is not acting in GOOD FAITH according to the United States Constitution." ECF 1 ("Complaint") at 4 (capitals in original). Williams avers that Wells Fargo "deceptively discharged" her "modification" (*id.* at 5), which I assume to mean a modification of a mortgage. Further, Williams asserts that Wells Fargo is "trying to take [her] home unjustly", and that Wells Fargo "changed [her] mortgage without [her] permission back in 2014." *Id.* at 9.

Along with the Complaint, plaintiff filed a Motion for Temporary Restraining Order (ECF 3) (the "TRO Motion"), asking the Court to "stop the sale date of" plaintiff's home, which is allegedly scheduled for April 5, 2018, "until such time as [plaintiff's] lawsuit has been resolved." *Id.* at 2. Plaintiff has also filed a motion asking for leave to proceed in forma pauperis ("IFP"). ECF 2.

This Memorandum resolves only the TRO Motion, and no hearing is necessary to do so. *See* Local Rule 105.6. The sufficiency of the Complaint and the IFP Motion is the subject of a separate Order. In resolving the TRO Motion, the Court is mindful of its obligation to construe liberally the filings of a pro se litigant, which are held to less stringent standards than

submissions drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989). Nevertheless, for the reasons that follow, I shall deny the TRO Motion, without prejudice.

**Discussion**

**I.**

The same analysis governs both a motion for preliminary injunction and a request for temporary restraining order. *See Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 422 (4th Cir. 1999). Therefore, in my discussion of the TRO Motion, I shall refer to cases addressing preliminary injunctions.

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008)); *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 345 (4th Cir. 2009), *vacated on other grounds and remanded*, 559 U.S. 1089 (2010), *reaff'd in part and remanded*, 607 F.3d 355 (4th Cir. 2010). Rather, a preliminary injunction is "'granted only sparingly and in limited circumstances.'" *Micro Strategy, Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001) (quoting *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 816 (4th Cir. 1991)).

Thus, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20 (citing *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008); *Amoco Prod Co. v. Gambell*, 480 U.S. 531, 542 (1987); and *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311-12 (1982)); *see also Real Truth About Obama*, 575 F.3d at 345 (applying the standard

for preliminary injunctions set forth in *Winter*). A preliminary injunction cannot be issued unless all four of these elements are met, and "'[p]laintiff bears the burden of establishing that each of these factors supports granting the injunction.'" *Direx Israel*, 952 F.2d at 812 (quoting *Tech. Publ'g Co. v. Lebhar-Friedman, Inc.*, 729 F.2d 1136, 1139 (7th Cir. 1984); *Shaffer v. Globe Prod, Inc.*, 721 F.2d 1121, 1123 (7th Cir. 1983)).

Williams has not demonstrated that she is likely to succeed on the merits of her claim. In her Complaint, she baldly asserts that Wells Fargo is "trying to take" her home "unjustly" and in bad faith. ECF 1 at 9. Additionally, she avers that Wells Fargo altered her mortgage in 2014, without her permission. *Id.* As indicated, plaintiff's TRO Motion asks the Court to enjoin the sale of her home until her lawsuit has been resolved. ECF 3 at 2. Neither the Complaint nor the TRO Motion suggests that plaintiff is likely to succeed on the merits of her claim. *Cf. Williams v. JP Morgan Chase Bank*, RDB-16-312, 2016 WL 509426, at *3 (D. Md. Feb. 4, 2016) (Hollander, J., as Chambers Judge) (concluding that the plaintiffs had failed to show a likelihood of success on the merits of their claim with respect to a TRO motion asking the Court to enjoin a foreclosure and eviction action).

Moreover, plaintiff cannot pursue a suit in federal court unless the Court has subject matter jurisdiction. Federal question jurisdiction is established by 28 U.S.C. § 1331, which states, *id.* (emphasis added): "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

As noted, the Complaint alleges that Wells Fargo "is not acting in GOOD FAITH according to the United States Constitution." ECF 1 at 4 (capitals in original). Although plaintiff avers that her claim arises under federal question jurisdiction (ECF 1 at 4), the Complaint does not clearly establish jurisdiction.

Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Without jurisdiction of course, plaintiff is not likely succeed on the merits.

Under the "well-pleaded complaint" rule, facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *McNutt v. Gen'l Motors Acceptance Corp.*, 298 U.S. 178 (1936)). Put another way, "before a federal court can decide the merits of a claim, the claim must invoke the jurisdiction of the court." *Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006). This means that "a claim of federal question jurisdiction is to be resolved on the basis of the allegations of the complaint itself." *Burgess v. Charlottesville Sav. & Loan Assoc.*, 477 F.2d 40, 43 (4th Cir. 1973). Therefore, a complaint must contain allegations "'affirmatively and distinctly' establishing federal grounds[] 'not in mere form, but in substance' and 'not in mere assertion, but in essence and effect."[] *Id.* (citations omitted).

Of import here, the "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *accord Hertz v. Friend*, 599 U.S. 77, 95 (2010); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010). Moreover, "[a] court is to presume . . . that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). Accordingly, "the mere assertion in a pleading that the case is one involving the construction or application of the federal laws does not authorize the District Court to entertain the suit'. . . ." *Bargess*, 477 F.2d at 43 (citations omitted).

Ordinarily a foreclosure action brought under state law does not give rise to federal question subject-matter jurisdiction. In *McNeely v. Moab Tiara Cherokee Kituwah Nation Chief*, 8-cv-293, 2008 WL 4166328, at *1 (W.D.N.C. Sept. 3, 2008), the court indicated that nothing in a "simple foreclosure action of real property . . . suggests the presence of a federal question." *See Williams*, 2016 WL 509426, at *2.

It is not clear whether this case was preceded by a State court action. To the extent a State court has already resolved the matters now before this Court, the *Rooker-Feldman* doctrine may apply. The doctrine derives from two Supreme Court cases: *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). It prohibits a federal district court from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Elyazidi v. SunTrust Bank*, 780 F.3d 227, 233 (4th Cir. 2015).

In other words, the *Rooker-Feldman* doctrine precludes "lower federal courts . . . from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463 (2006). Thus, "the doctrine forbids claims that 'seek [ ] redress for an injury caused by the state-court decision itself' because they 'ask[ ] the federal district court to conduct an appellate review of the state-court decision.'" *Adkins v. Rumsfeld*, 464 F.3d 456, 464 (4th Cir. 2006) (quoting *Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 719 (4th Cir. 2006)) (alterations in *Adkins*); *accord Am. Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003). The doctrine derives from 28 U.S.C. § 1257, a federal statute that vests the United States Supreme

Court with jurisdiction to hear appeals from state court decisions in cases raising questions of federal law. *See Adkins*, 464 F.3d at 463-64.

A party to a state court proceeding, such as a foreclosure action, is able to raise objections in the state proceeding on the basis of applicable federal law or federal constitutional provisions. "'Under our system of dual sovereignty . . . state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States.'" *Bullock v. Napolitano*, 666 F.3d 281, 285 (4th Cir. 2012) (quoting *Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820, 823 (1990)) (emphasis omitted). Moreover, Maryland law provides for appellate review, in Maryland State courts, of adverse decisions of a Maryland circuit court. *See* Md. Code (2013 Repl. Vol.), § 12-301 of the Courts & Judicial Proceedings Article. Thus, a plaintiff may not invoke this Court's federal question jurisdiction in order to relitigate a foreclosure action.

If the *Rooker-Feldman* doctrine applies, it would preclude this court from directly reviewing the judgment of a Maryland State court. In *Stillwell*, 336 F.3d at 319, the Court said: "[T]he *Rooker-Feldman* doctrine . . . preserves the independence of state courts as well as congressional intent that an appeal from a state court decision must proceed through that state's system of appellate review rather than inferior federal courts."

**II.**

Even assuming plaintiff establishes subject matter jurisdiction and a likelihood of success on the merits of her claim, I would deny her TRO Motion. "Notice is not required for a TRO, but . . . the movant [herself], in the case of a *pro se* party, must 'certif[y] in writing any efforts made to give notice and the reasons why [notice] should not be required.'" *Sci. Sys. &*

*Applications, Inc. v. United States*, PWG-14-2212, 2014 WL 3672908, at *3 (D. Md. July 22, 2014) (modifications in original) (quoting Fed. R. Civ. P. 65(b)(1)(B)).

Williams has not described any effort to notify Wells Fargo about the TRO Motion. *See* ECF 1; ECF 3; *see also Franklin v. BWW Law Group, LLC*, DKC-16-0455, 2016 WL 9724972, at *1 (D. Md. Apr. 4, 2016) (denying a TRO motion for, *inter alia*, insufficient reasons provided by the plaintiff as to her failure to notify the defendant about the TRO motion). Accordingly, the TRO Motion should be denied.

## Conclusion

For the foregoing reasons, I shall DENY the TRO Motion (ECF 3), without prejudice. An Order follows, consistent with this Memorandum.

Date: April 2, 2018

/s/
Ellen Lipton Hollander
United States District Judge